UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

GERTIE BURRELL AND                    CIVIL ACTION NO. 6:16-cv-00431
MARVIN BURRELL

VERSUS                                JUDGE DOHERTY

HARTFORD FIRE INSURANCE                MAGISTRATE JUDGE HANNA
COMPANY, RENT-A-CENTER, INC.,
AND DAVID MILTON, JR.

## REPORT  AND  RECOMMENDATION

The defendants removed this suit from the 16th Judicial District Court, Iberia

Parish, Louisiana, alleging that the court has subject-matter jurisdiction under 28

U.S.C. § 1332.  The party invoking subject-matter jurisdiction in federal court has the

burden of establishing the court's jurisdiction.[1]  In this case, the three removing

defendants must bear that burden.

This Court reviewed the pleadings, found that the parties are diverse in

citizenship, but also found that it was not facially apparent that the amount in

controversy exceeds the jurisdictional threshold of $75,000.  (Rec. Doc. 10 at 1).

This Court issued a *sua sponte* briefing order (Rec. Doc. 10), noting that, if at least

one plaintiff's claim has a value exceeding $75,000, the court can exercise

---

[1]     *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

supplemental jurisdiction over lesser-valued claims asserted by other plaintiffs.[2]  The defendants were ordered to file a memorandum setting forth specific facts that support a finding that the amount in controversy for either plaintiff Gertie Burrell or plaintiff Marvin Burrell exceeds the jurisdictional minimum and to support those facts with summary-judgment-type evidence.  (Rec. Doc. 10).  The order pointed out that, although the plaintiffs alleged that Ms. Burrell was in a motor vehicle accident on April 2, 2015 and sustained injuries to her neck, back, knees, arms, and wrists as well as mental anguish and physical suffering, loss of enjoyment of life, and medical expenses, neither the petition nor the removal notice explained the true nature and extent of Ms. Burrell's injuries, the cost of medical treatment already incurred, or the cost of likely future medical treatment.  The order also pointed out that, while Mr. Burrell claims to have sustained loss of consortium damages secondary to Ms. Burrell's injuries, neither the petition nor the removal notice addressed the value of his claim.

The defendants timely filed a responsive brief.  (Rec. Doc. 11).  Again, however, they did not explain the true nature or extent of Ms. Burrell's alleged injuries, the cost of medical treatment already incurred, or the likely cost of future

---

[2]      *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995).  See, also, *Snyder v. Harris*, 394 U.S. 332, 336 (1969); *Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 779 (5th Cir. 1963). *Exxon Mobil Corporation v. Allapattah Services, Inc.*, 545 U.S. 546, 559 (2005).

medical treatment.    The defendants submitted unauthenticated copies of correspondence between counsel, in which counsel for the plaintiffs declined to sign a stipulation stating that "[t]he total amount in controversy in the above matter does not exceed $75,000."  Even if the stipulation had been signed, it would not have established the amount in controversy for either Ms. Burrell's claim or Mr. Burrell's claim.  As this Court advised the defendant in the briefing order, plaintiffs cannot aggregate their damages to satisfy the amount in controversy.[3]  Instead, the amount in controversy must be satisfied as to at least one individual plaintiff.

The defendants also presented unauthenticated evidence attempting to show that a 2005 Nissan Altima sedan was totalled in the accident.  But there is no claim in this lawsuit based on the value of a vehicle.  This evidence – even if it had been presented as summary-judgment-style evidence – does not clarify the amount in controversy regarding either plaintiff's claims.

Additionally, the defendants submitted a copy of the plaintiff's initial disclosures, which indicates that listed health care providers have discoverable information that the plaintiffs may use in support of their case.  The disclosures do not state which of the plaintiffs were provided services by the listed health care

---

[3]      *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995).  See, also, *Snyder v. Harris*, 394 U.S. 332, 336 (1969); *Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 779 (5th Cir. 1963)

providers or how much was charged by the providers for those services.  Therefore, the disclosures do nothing to clarify the amount in controversy.

The defendants suggest that the petition's allegation that Ms. Burrell sustained "serious injuries to her neck, back, knees, arms, [and] wrists" is sufficient for a finding that it is facially apparent that the amount in controversy requirement is met in this case.  This argument ignores this Court's finding that the amount in controversy is not facially apparent (Rec. Doc. 10 at 2) and also ignores this Court's clear signal that knowing the true nature and extent of Ms. Burrell's injuries would be helpful in evaluating her claims.  In support of their argument, the defendants cite to an unpublished case from the Fifth Circuit, *Davis v. Grider*, 214 F.3d 1350 (5th Cir. 2000), that found the amount in controversy was satisfied because of the type of damages the plaintiff sought to recover.  While there are situations in which the type of damages sought to be recovered helps to establish the amount in controversy, this Court finds the argument unpersuasive in this case.  In most cases, "[t]he type of damages sought to be recovered does not determine whether the amount in controversy requirement has been satisfied.  Instead, the amount of damages sought

-4-

to be recovered governs the inquiry."[4]  It is also notable that the *Davis* court reached its conclusion after the case had already been tried on the merits.

In summary, this Court finds that the defendants' submission neither establishes nor clarifies the amount in controversy in this case.

The plaintiffs also responded to the *sua sponte* briefing order.  (Rec. Doc. 12). The plaintiffs did not explain the true nature and extent of Ms. Burrell's injuries, the cost of medical care already provided, or the likely cost of any medical care she might require in the future, and they did not address the value of Mr. Burrell's claim at all. They explained that Ms. Burrell is still treating for her injuries, "and it is too soon to know whether her claims will be worth more than $75,000.00 in the future"  (Rec. Doc. 12 at 1).  This seems to be an argument that, at the time of removal – as well as at the current time, Ms. Burrell's claims were valued at less than $75,000.  The plaintiffs reiterated their refusal to sign a stipulation that their case will never be worth more than $75,000, arguing that their refusal to sign such a stipulation is not an admission that the case is worth more than $75,000.  While this Court agrees with that argument, this Court notes that the plaintiffs ignored this Court's admonition that

---

[4]       *Fruge v. Union Pacific R. Co*., No. 6:14-2541, 2014 WL 5472448, at *3 (W.D. La. Oct. 21, 2014), citing *Benjamin v. Multi–Chem Group, L.L.C.*, No. 6:11-cv-01819, 2012 WL 3548060, *3 (W.D. La. July 16, 2012), report and recommendation adopted, No. 6:11-cv-01819, 2012 WL 3549835, at *1 (W.D. La. Aug. 16, 2012).

the two plaintiffs' claims should be valued separately.  The plaintiffs also included an illogical and contradictory sentence in their brief in which they state they are "unable to execute a binding stipulation that they will forego collection of any amount over $75,000.00, but likewise, contend that currently, the amount in controversy is **more** than $75,000.00 and that this case should be remanded to state court."  (Rec. Doc. 12 at 1 [emphasis added]).

Having reviewed the submissions of the parties, this Court finds that the defendants failed to satisfy their burden of proving that the amount in controversy exceeds the jurisdictional threshold.  Accordingly,

IT IS RECOMMENDED that this case be remanded to the 16th Judicial District Court, Iberia Parish, Louisiana, for lack of subject-matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by

Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds

of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 6th day of June 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE